**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ROBERT JUDGE** | **CASE NO. 6:25-CV-02054** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **LAFAYETTE CONSOLIDATED GOVERNMENT ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM RULING AND ORDER**

Before the Court is the RULE 12(B)(5) AND RULE 12(B)(6) MOTION TO DISMISS [Doc. 5] filed by Defendants Lafayette Consolidated Government (LCG) and Abraham Rubin, Jr. Plaintiff Robert Judge filed an opposition [Doc. 9] to which Defendants replied [Doc. 10]. Considering the evidence, the law, and the arguments, and for the reasons explained below, the instant motion is DENIED WITHOUT PREJUDICE, and Judge is ORDERED to file either (a) a proper motion for leave to amend his Complaint, or (b) a notice to the Court that he does not intend to amend his Complaint.

In his opposition, Judge requested in the alternative that he "be granted leave to amend as authorized under Rule 15(a) which provides that leave to amend should be freely granted when justice so requires, and Fifth Circuit strongly favors allowing amendment rather than dismissal, particularly at the Rule 12 stage and where no discovery has occurred." [Doc. 9 at 10]. It is within the court's discretion to deny a motion to amend upon a finding that amendment would be futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The Fifth Circuit has defined futility in this context "to mean that the amended complaint would fail to state a claim upon which relief could be granted." *Id.* In other words, leave to amend is properly denied as futile if the proposed amended pleading would not survive a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). Generally, this Court requires a party seeking leave to amend to attach its proposed amended pleading to its motion. Local Rule 7.6. This rule acts to preserve judicial economy by allowing the court to determine whether amendment would be futile before leave to amend is granted. Although a motion for leave to amend presented in this manner necessarily circumvents the safeguards put in place by this Court's requirement that the proposed pleading be attached, the undersigned finds that the very interests sought to be protected would be more severely undermined by ruling on the merits of the instant motion and, depending on the motion's disposition,[1] potentially granting leave to amend thereafter.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts have liberally construed Rule 15(a)(2) in favor of amendment. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). "Generally, when a plaintiff seeks to amend following a motion to dismiss, 'the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave.'" *McCoy v. Bogan*, 2021 WL 3730057, at *3 (M.D. La. 2021) (quoting *Roller Bearing Co. of America, Inc. v. American Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)). *See also Louisiana v. Bank of America Corp.*, 2020 WL 3966875, at *2 (M.D. La. 2020); *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). This approach to such procedural quandaries "promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020). Simply put, "a busy district court need

---

[1] By recommending that Plaintiff be given this opportunity to amend, the Court is in no way indicating, and takes no position at this time, as to whether his complaint or any amended complaint would survive a challenge under Rule 12.

not allow itself to be imposed upon by the presentation of theories seriatim." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003) (quoting *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (1967)).

A request to amend, even if made conditional, coupled with Judge's concession that he improperly served Rubin [Doc. 9 at 2], suggests that Judge has not stated his best case. Dismissal with prejudice is appropriate when a plaintiff has had an opportunity to state his best case and still cannot establish a cause of action. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). This Court finds that the interest of judicial economy is best served by allowing such amendment so that Judge may state his best case *before* rendering a decision on its legal sufficiency.

In keeping with the prevailing procedure in this Court, the RULE 12(B)(5) AND RULE 12(B)(6) MOTION TO DISMISS [Doc. 5] filed by Defendants Lafayette Consolidated Government and Abraham Rubin, Jr. is DENIED WITHOUT PREJUDICE. *See, e.g., Beroid v. LaFleur*, 2022 WL 396165 (W.D. La. 2022), *adopted by* 2022 WL 393630 (W.D. La. 2022); *Deshotel v. PayPal, Inc.*, 2019 WL 4010922 (W.D. La. 2019); *Probado Techns. Corp. v. Smartnet, Inc.*, 2010 WL 918573 (S.D. Tex. 2010). Additionally, it is hereby

**ORDERED** that Plaintiff Robert Judge shall, on or before **October 25, 2026**, file either (a) a proper motion for leave to amend his Complaint, or (b) a notice to the Court that he does not intend to amend his Complaint.

**ORDERED** that, if such amended complaint is filed, Judge effect proper service on Rubin of the original complaint [Doc. 1], amended complaint, and summons pursuant to Rule 4(e) since, as Judge concedes, the original complaint was not properly served on Rubin. Service of any amended complaint upon LCG will be effective upon filing and issuance of a notice of electronic filing by CM/ECF. Local Rule 5.7.09.

**ORDERED** that Defendants may renew their motions, if appropriate, after the filing and service of any amended complaint. Defendants may adopt the arguments contained in the first motions by reference and may supplement such arguments, if appropriate. Should Defendants file such renewed motions to dismiss, Plaintiff shall file any desired opposition within **FOURTEEN (14) DAYS** of such filing. Defendants may file any desired reply within **TEN (10) DAYS** of the filing of any opposition by Plaintiff.

THUS DONE in Chambers on this 25th day of September 2026.

David J. Ayo
United States Magistrate Judge